1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

DENISE LUCAS,

11

Plaintiff,

12

v.

CASE NO. C04-0441C

ORDER

13

AMERIQUEST MORTGAGE COMPANY,
believed to be a California corporation, and its
Bond or Surety; ALL AMERICAN LENDING,
and its Bond or Surety; ELIZABETH COAN and
JOHN DOE COAN, her husband, d/b/a Mortgage
Lending Alternatives; TRANSNATION TITLE
INSURANCE COMPANY, and its Bond or
Surety; and JANE DOE, broker/agent, and JOHN
DOE, her husband,

14

15

16

17

Defendants.

18

19

I.    INTRODUCTION

20

This matter has come before the Court on Defendant Ameriquest's Motion for Judgment on the

21

Pleadings (Dkt. No. 73).  Having determined that oral argument shall not be necessary, the Court hereby

22

DENIES the motion.

23

II.    BACKGROUND

24

Plaintiff brought this action against Defendant Ameriquest under the Truth-In-Lending Act

25

26

ORDER – 1

1  ("TILA"), 15 U.S.C. §§ 1601-1667e and the Real Estate Settlement Procedures Act ("RESPA"), 12

2  U.S.C. §§ 2601-2617.  Plaintiff also asserted state law causes of action, including alleged violations of

3  Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86, negligent misrepresentation,

4  breach of fiduciary duty, fraud, unjust enrichment, agency/joint venture and aiding and abetting.  In an

5  order entered on December 1, 2004, the Court found that Plaintiff had stated a valid rescission claim and

6  valid TILA- and RESPA-based CPA claims, but dismissed Plaintiff's claims against Ameriquest for

7  negligent misrepresentation, breach of fiduciary duty, fraud, unjust enrichment, agency/joint venture and

8  aiding and abetting for failure to state a claim.

9  In November 2004, Plaintiff filed a complaint with the Washington Director of Financial

10  Institutions asserting substantially the same allegations.  Defendant Ameriquest now moves for dismissal

11  of the instant action, arguing that Plaintiff failed to exhaust her administrative remedies.

12  III.    ANALYSIS

13  The question presented to the Court is whether Washington's Administrative Procedure Act,

14  Wash. Rev. Code chapter 34.05, requires Plaintiff to conclude her proceedings before the Director of

15  Financial Institutions ("DFI") before continuing with her case in federal court.  The Court concludes that

16  the answer to this question is no.

17  The Director of Financial Institutions derives its power over the subject matter of this action from

18  Wash. Rev. Code § 31.04.205, which provides that "[t]he director or designated persons may, at his or

19  her discretion, take such action as provided for in this chapter to enforce this chapter."  Chapter 31.04,

20  also known as the Consumer Loan Act, also provides that "[t]he proceedings for denying license

21  applications, issuing cease and desist orders, suspending or revoking licenses, and imposing civil penalties

22  or other remedies under this chapter, and any review or appeal of such action, shall be governed by the

23  provisions of the administrative procedure act."  Wash. Rev. Code § 31.04.202.

24  Washington's Administrative Procedure Act ("WAPA") contains a section titled "Exhaustion of

25  administrative remedies" which provides that generally "[a] person may file a petition for judicial review

26  ORDER – 2

1  under this chapter only after exhausting all administrative remedies available within the agency whose

2  action is being challenged, or available within any other agency authorized to exercise administrative

3  review."   Wash. Rev. Code § 34.05.534.  Defendant Ameriquest's argument knits together the language

4  from the two statutes to produce an administrative pre-requisite for any plaintiff seeking to file a judicial

5  action involving violations of federal disclosure requirements and standards.  This strategy is mistaken for

6  two reasons.

7         First, the Consumer Loan Act ("CLA") language relied upon by Ameriquest expressly states that

8  the *proceedings through which the DFI undertakes its enforcement actions*, as well as review and

9  appeals of those proceedings, are to be governed by the WAPA.  Applied to the facts of the instant case,

10  the CLA language cited by Ameriquest requires only that any actions taken by the DFI with respect to

11  Plaintiff's complaint conform to the guidelines contained in the WAPA.  In other words, the CLA

12  provides that the DFI, not Plaintiff, shall be governed by WAPA.[1]

13         Second, Ameriquest fails to note that WAPA's exhaustion requirement applies to those persons

14  "who file a petition for judicial review under this chapter."  This section of the statute provides an avenue

15  through which aggrieved parties dissatisfied with their agency determinations, and who would not

16  otherwise have access to the courts, may access the judicial system for further relief.  Plaintiff will only

17  fall under the purview of "this chapter" when and if she decides to request review of the DFI's

18  determination of her claim.  Other than in this circumstance, the WAPA does not apply to Plaintiff's

19  claims at all.  This is in stark contrast to statutes such as Wash. Rev. Code chapter 36.70C, which limit an

20  aggrieved party's ability to litigate land use petitions by stating that "[t]his chapter . . . shall be the

21  exclusive means of judicial review of land use decisions."  Wash. Rev. Code § 36.70C.030.

22         Accordingly, the Court finds that the exhaustion doctrine does not apply to Plaintiff's case at all.

23         However, the Court does find that the doctrine of primary jurisdiction is applicable to Plaintiff's

24  _____

25  [1]To the extent that Plaintiff seeks review of the DFI's determination of her claim, she must also follow the WAPA guidelines.

26  ORDER – 3

1   action.  The doctrine of primary jurisdiction applies to "claims properly cognizable in court that contain

2   some issue within the special competence of an administrative agency."  *Reiter v. Cooper*, 507 U.S. 258,

3   268 (1993).  The doctrine enables a court to "refer"[2] an issue to a competent administrative agency

4   without losing jurisdiction over the action.  *Id*.  In the Ninth Circuit, when a court "suspends proceedings

5   in order to give preliminary deference to an independent adjudicating body but further judicial

6   proceedings are contemplated, then jurisdiction should be retained by a stay of proceedings."  *Shapiro v.*

7   *Paradise Valley Unified Sch. Dist.*, 152 F.3d 1159, 1160 (9th Cir. 1998).

8         In the case at bar, Plaintiff has already commenced a proceeding with the DFI, which, as an entity

9   with authority to enforce the provisions of the CLA, *see* Wash. Rev. Code 31.04.205, is an administrative

10  agency with special competence in the subject area of Plaintiff's complaint.  The Court finds that the

11  interests of justice and judicial economy would be best served by staying the current action during the

12  pendency of Plaintiff's complaint before the DFI.

13        Accordingly, the Court hereby orders that this action be STAYED during the pendency of

14  Plaintiff's complaint before the DFI.  The parties are directed to notify the Court once the DFI has

15  concluded its proceedings.  In addition, the parties are directed to inform the Court of the DFI's findings.

16        SO ORDERED this 22nd  day of April, 2005.

17

18

19

20  UNITED STATES DISTRICT JUDGE

21

22

23

24

---

25   [2]"Referral" is very loosely used in this context.  *See Reiter*, 507 U.S. at 269, n.3 (further
     explaining what is meant by "referral").

26  ORDER – 4